ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI DJ 2025-063

| | | |
|---|---|---|
| **EDGARDO HERNÁNDEZ VILÁ**<br><br>Recurrido<br><br>v.<br><br>**MEDTRONIC PUERTO RICO OPERTATIONS CO.**<br><br>Peticionario | TA2025CE00295 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.:<br>**SJ2024CV07441**<br><br>Sobre:<br>Incumplimiento de Contrato;<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece ante nos Medtronic Puerto Rico Operations Co. (Medtronic o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 16 de julio de 2025.[1] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar la *Moción de Desestimación* radicada por Medtronic.[2]

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 30. Notificada y archivada en autos el 16 de julio de 2025.
[2] *Íd.*, Entrada Núm. 14 del SUMAC.

Por su parte, el señor Edgardo Hernández Vilá (Sr. Hernández Vilá o recurrido) presentó un *Memorando en oposición a la expedición de certiorari* el 26 de agosto de 2025.

Por los fundamentos que pormenorizamos a continuación, denegamos expedir el auto de *certiorari*.

**I.**

El caso de marras tiene su génesis el 13 de agosto de 2024 cuando el Sr. Hernández Vilá presentó una *Demanda y petición de injunction jurada* en contra de Medtronic sobre *injunction* preliminar y permanente, incumplimiento de contrato y daños y perjuicios.[3]

Luego de múltiples trámites procesales, el foro primario emitió una *Sentencia Parcial* el 22 de agosto de 2024 donde desestimó la solicitud de *injunction* preliminar ante la ausencia de daños irreparables.[4] Expuso que, en el pleito de marras, existía una controversia sobre un alegado incumplimiento con el contrato de confidencialidad estipulado entre las partes que se debía resolver por medio de la vía ordinaria, al igual que la compensación de los daños económicos y cuantificables que suplicó el Sr. Hernández Vilá.

---

[3] *Íd.*, Entrada Núm. 1 del SUMAC.
[4] *Íd.*, Entrada Núm. 11 del SUMAC. Notificada y archivada en autos el 22 de agosto de 2025.

Posteriormente, Medtronic presentó una *Moción de desestimación* el 29 de agosto de 2024.[5] En síntesis, planteó que la reclamación del Sr. Hernández Vilá incumplió con la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, porque no expuso una relación sucinta y sencilla de los hechos demostrando que el Sr. Hernández Vilá tenía derecho a un remedio. Por ende, solicitó la desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra,* R. 10.2.

Por su parte, el Sr. Hernández Vilá presentó una *Oposición a moción de desestimación o sentencia sumaria (SUMAC14)* el 7 de octubre de 2024.[6] Adujo que las alegaciones no eran deficientes y que establecieron una reclamación plausible en concepto de incumplimiento de contrato, difamación y daños justificando la concesión de un remedio en contra de Medtronic.

Después de múltiples trámites procesales, el 16 de julio de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de desestimación presentada por Medtronic.

Inconforme, el 14 de agosto de 2025, Medtronic radicó una petición de *certiorari* ante nos y planteó los siguientes señalamientos de error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER LA MOCIÓN DE MPROC [O MEDTRONIC]

---

[5] *Íd.*, Entrada Núm. 14 del SUMAC.
[6] *Íd.*, Entrada Núm. 22 del SUMAC.

APLICANDO INCORRECTAMENTE EL ESTÁNDAR DE DESESTIMACIÓN.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE NO PODÍA CONSIDERAR CIERTA DOCUMENTACIÓN EN ESTA ETAPA DE LOS PROCEDIMIENTOS Y QUE ESTA NO DISPONE DE LOS ASUNTOS PLANTEADOS EN LA DEMANDA.

Por su parte, el Sr. Hernández Vilá presentó un *Memorando en oposición a la expedición de certiorari* el 26 de agosto de 2025. Indicó que los hechos alegados fueron concretos, no especulativos y establecieron las obligaciones y la responsabilidad de Medtronic bajo el contrato estipulado. Asimismo, sostuvo que el TPI no incidió al excluir los documentos de la solicitud de desestimación, ya que no fueron anejados a la demanda, y su aceptación era un asunto discrecional.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de

Apelaciones mediante el recurso de *certiorari. Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc., supra,* pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR,* 185 DPR 307, 336-337 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra,* pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra,* pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del

derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), instituye los criterios que se deben tomar en consideración para poder ejercer sabiamente la facultad discrecional de expedir un auto de *certiorari*. Estos factores son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

**III.**

Luego de un análisis objetivo y cuidadoso del expediente del TPI y del recurso de *certiorari*, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos.

**IV.**

Por las razones discutidas anteriormente, se deniega la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones